

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **J.H.,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD85257** |
| **v.** | ) | |
| | ) | **OPINION FILED:** |
| | ) | **October 25, 2022** |
| **A.B.,** | ) | |
| | ) | |
| **Appellant.** | ) | |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Sarah A. Castle, Judge

**Before Division Three:** Karen King Mitchell, Presiding Judge, and
Cynthia L. Martin and Anthony Rex Gabbert, Judges

A.B.[1] (Appellant) appeals, following a bench trial, the grant of a full order of protection. He raises three points on appeal. First, he argues that the trial court lacked jurisdiction to enter a full order of protection. Second, he argues that the trial court failed to conduct a full hearing, as required by statute, before entering the full order insofar as (1) he was not allowed to present evidence (Point II) and (2) he was not allowed to cross-examine the respondent (Point III). But, due to numerous briefing deficiencies, we dismiss this appeal.

---

[1] Pursuant to § 595.226.1, RSMo Cum. Supp. 2021, we do not use the parties' names in this opinion.

**Background**

Appellant was a tenant at a rental property managed by Respondent. Animosity developed between the two, and each sought an order of protection against the other. Both petitions were set for hearings on the same day. At the outset, Respondent consented to the order entered against her in favor of Appellant. Appellant refused to consent to an order entered against him in favor of Respondent, so the court received evidence from both parties. After receiving the evidence, the court granted Respondent's petition and entered an order of protection against Appellant in Respondent's favor. Appellant appealed.[2]

On July 13, 2022, Appellant's initial Appellant's Brief was stricken by order of this court due to the following violations of Rule 84.04:[3]

(1) the Statement of Facts lacked specific page references to the legal file or the transcript as required by Rule 84.04(c);

(2) the Point(s) Relied On were not in compliance with the specific requirements of Rule 84.04(d);

(3) the Point(s) Relied On did not include a list of cases or other authority upon which Appellant principally relied as required by Rule 84.04(d)(5); and

(4) the argument section violated Rule 84.04(e) in the following respects:

    a. each Point Relied On was not restated at the beginning of the section of the argument discussing that point;

    b. the argument did not include a concise statement of the applicable standard of review for each claim or error;

    c. the argument did not include a concise statement describing whether the error was preserved for appellate review and if so how it was preserved;

---

[2] Appellant failed to specify in both his notice of appeal and his briefing to this court which of the two orders entered that he was attempting to appeal from. Though we assume he is appealing the order entered in Respondent's favor, his brief also attacks the consent judgment entered on the petition he filed against Respondent. We need not resolve this issue, however, in light of our disposition of this matter.

[3] All rule references are to the Missouri Supreme Court Rules (2021).

2

d. the argument section lacked specific page references to the legal file or the transcript.

The order notified Appellant that he had 15 days from the date of the order to file an amended brief correcting the identified violations.

On July 21, 2022, Appellant sent this court a response to the order striking his original brief, declaring his belief that the originally filed brief satisfied all requirements of Rule 84.04 and he would, therefore, not be filing an amended brief. This court then sent Appellant a letter in response, advising him of the need to file an amended brief or risk dismissal of his appeal:

> As stated in the Order and Notice issued by this Court on July 13, 2022, your brief was not in compliance with the requirements of Missouri Supreme Court Rule 84.04 in a number of ways. If you have specific questions regarding any of those reasons, [the clerk's office] would be happy to discuss those with you. You indicate in your correspondence that you do not intend to take this opportunity to amend your brief. The Court does not review Amended Appellant's Briefs for compliance and your brief will not be struck a second time. Please be aware, however, that failure to comply with the requirements of Rule 84.04 may result in the dismissal of your case by the Division that hears your appeal. Additionally, even if you choose not to make changes to your brief, you will need to resubmit the brief as an amended brief on or before July 28, 2022, or your case will be dismissed.

On July 27, 2022, Appellant filed an amended brief that was identical to the struck brief with the lone exception that it now included the word "amended" on the cover page. All previously identified violations of Rule 84.04 remained.

**Appeal Dismissed**

The Missouri Supreme Court has recently cautioned that "[t]he appellate courts' continued reiteration of the importance of the briefing rules without enforcing any consequence 'implicitly condones continued violations and undermines the mandatory nature of the rules.'" *State v. Minor*, 648 S.W.3d 721, 728-29 (Mo. banc 2022) (quoting *Alpert v. State*, 543 S.W.3d 589, 601 (Mo. banc 2018) (Fischer, J., dissenting)). Where a party has been warned of briefing deficiencies and persists in repeating the same errors, we should not "act as an advocate for [the appellant] to

3

overcome these problems." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 509 (Mo. banc 2022). "Dismissal is particularly appropriate where appellant makes no effort to correct [deficiencies] in [an] amended brief, even after being put on notice [of the errors]." *Acton v. Rahn*, 611 S.W.3d 897, 903 (Mo. App. W.D. 2020).

Here, Appellant was given the opportunity to not only file an amended brief correcting the deficiencies but also consult directly with this court's clerk's office to understand the problems with the original brief and avoid repeating them. Instead, he chose to proceed with a brief that this court already identified as deficient, knowing that he risked dismissal. In light of the facts that Appellant was warned of the deficiencies and purposely chose not to correct them, we heed our Supreme Court's direction and dismiss this appeal for numerous violations of Rule 84.04.

_____
Karen King Mitchell, Presiding Judge

Cynthia L. Martin and Anthony Rex Gabbert, Judges, concur.